UNITED STATES DISTRICT COURT
NORTHERN DISTRIC OF FLORIDA
PENSACOLA DIVISION

SANDRA NUNES

    Plaintiff,                                      CASE NO.: 3:21-cv-03330

v.

AIR FORCE ENLISTED VILLAGE, INC.,

    Defendant,
_____/

## COMPLAINT

Plaintiff, SANDRA NUNES, hereby sues Defendant, AIR FORCE ENLISTED VILLAGE, INC. ("AFEV"), and alleges:

## NATURE OF THE ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (Title VII") and the Family and Medical Leave Act, 29 U.S.C. § 2615.

2. This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (federal question) and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615.

3. Venue is proper because all of the facts and allegations that form the basis of this Complaint occurred within the Northern District of Florida.

## THE PARTIES

4. At all times pertinent hereto, Plaintiff, SANDRA NUNES, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a female, was suffering from a temporary disability, reported gender discrimination and was taking protected medical leave and as such is a member of protected classes under Title VII, and the FMLA.

5. At all times pertinent hereto, Defendant, AIR FORCE ENLISTED VILLAGE, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a charge of discrimination with the Florida Commission on Human Relations and the EEOC. A Notice of Right to Sue was received by Plaintiff and this action is timely brought thereafter.

## STATEMENT OF FACTS

7. Plaintiff is a female.

8. Defendant hired Plaintiff on March 1, 2019 as the Administrator of Defendant's Hawthorne House.

9. During her time employed there, Plaintiff was treated differently than her male co-workers including being subject to being berated by the CEO of Defendant, Brooke McLean. McLean would scream at Plaintiff both in person and on the phone.

10. McLean did not treat Plaintiff's male co-workers this way.

11. The treatment got so bad that Plaintiff complained to Defendant's Human Resources Department.

12. In response to her complaints, Defendant's Human Resource department told Plaintiff, "You and I have worked with men long enough to know how to speak to a man. You shouldn't come to the table with the answers, you need to come to the table with pieces of the answer, and as you provide the pieces and he comes up with the answer, you let him believe he came up with the answer."

13. Nothing was done by Human Resources to correct Mr. McLean's behavior.

14. Shortly before her termination, Plaintiff was required to undergo a medical procedure.

15. As a result of this procedure, Plaintiff was unable to work for a week. Further, she had difficulty sitting, walking, and performing manual tasks. She had multiple follow up appointments with her medical provider and was prescribed medication.

16. On August 6, 2021, the day Plaintiff returned from Medical Leave, she was informed that she was terminated.

17. Prior to her termination, Plaintiff was never apprised of any performance issues and was praised for her hard and diligent work.

18. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay him a fee for her services. Defendant should be made to pay said fee under the laws applicable to this action.

## COUNT I
## VIOLATION OF TITLE VII
## 42 U.S.C. §§ 2000e *et seq.*
## SEX DISRIMINATION

19. Paragraphs 1-18 are re-alleged and incorporated herein by reference.

20. This is an action against Defendant for discrimination based upon sex brought under 42 U.S.C. §§ 2000e *et seq*.

21. Plaintiff has been the victim of discrimination on the basis of her sex, female, in that she was treated differently than similarly situated male employees of Defendant and has been subject to differential treatment on the basis, at least in part, of her sex.

22. Defendant is liable for the differential treatment towards Plaintiff because it has allowed action to be taken against Plaintiff because of her sex nationality, and Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff.

23. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

24. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a nationality-based nature and in violation of the laws set forth herein.

25. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon nationality in violation of 42 U.S.C. §§ 2000e *et seq.*

26. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost pay, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing. Plaintiff is also entitled to injunctive and equitable relief.

**COUNT II**
**VIOLATION OF TITLE VII**
**42 U.S.C. §§ 2000e *et seq.***
**RETALIATION**

27. Paragraphs 1-18 are re-alleged and incorporated herein by reference.

28. Defendant retaliated against Plaintiff in violation of the Title VII of the Federal Civil Rights Act by terminating her employment.

29. Plaintiff engaged in protected activity by reporting discrimination and is therefore a member of a protected class within the meaning of the applicable law.

30. Plaintiff was terminated due to her protected activity.

31. Plaintiff has suffered damages because of Defendant's actions.

## COUNT III
## RETALIATION AND UNLAWFUL DISCRIMINATION AGAINST PLAINTIFF FOR EXERCISING HER FAMILY MEDICAL LEAVE ACT RIGHTS IN VIOLATION OF 29 U.S.C. § 2615

32. Paragraphs 1-18 are re-alleged and incorporated herein by reference.

33. The Defendant engaged in commerce or other industry or activity affecting commerce and employed fifty (50) or more employees for each working day during the twenty (20) or more calendar work weeks in the current or preceding calendar within seventy-five (75) miles of where Plaintiff was employed. The Defendant is an employer under the Family Medical Leave Act ("FMLA").

34. Plaintiff was an eligible employee under the FMLA to receive time off for a serious health condition or illness.

35. Plaintiff notified defendants of her serious health condition or illness and the need to take leave under the FMLA. Plaintiff engaged in protected activity when she requested and took leave to obtain care for her serious health condition or illness.

36. Defendant, retaliated against Plaintiff for requesting and taking leave she was entitled to take under the FMLA by terminating Plaintiff from her position.

37. Defendant knew and was aware that Plaintiff exercised the rights secured to her by the FMLA due to her serious health condition and her need for leave.

38. Defendant took adverse action against Plaintiff in bad faith for exercising her rights under the FMLA in violation of 29 U.S.C. Section 2615.

39. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to relief pursuant to the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted this 29th day of November 2021.

Respectfully submitted,

 /s/ Kevin C. Kostelnik
KEVIN C. KOSTELNIK
Florida Bar No.: 0118763
TIFFANY R. CRUZ
Florida Bar No.: 090986

Cruz Law Firm, P.A.
411 N. Calhoun St.
Tallahassee, FL 32301
850-701-8838
tiffany@tiffanycruzlaw.com
kevin@tiffanycruzlaw.com
meredith@tiffanycruzlaw.com

ATTORNEYS FOR PLAINTIFF